IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ROBERTA KELLY**,

        Plaintiff,

vs.

**CITY OF PORTLAND, OREGON;**
**STEVE STAUL, RONALD FRASHOUR,**

        Defendants.

Civil Case No. 09-1125-KI

OPINION AND ORDER

    Roberta Kelly
    5109 NE Ainsworth Street
    Portland, Oregon  97218-1826

        Pro Se Plaintiff

    J. Scott Moede
    City Attorney's Office
    1221 S.W. Fourth Avenue, Room 430
    Portland, Oregon  97204

        Attorney for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Roberta Kelly seeks sanctions against defense counsel Scott Moede for allegedly perpetrating a fraud on the court in the oral argument held on June 15, 2010, for obtaining an order to unseal Kelly's expunged criminal file, for getting police reports from Kelly's estranged former spouse, for having an unfair advantage when appearing before me, and for my refusal to allow Kelly to amend her Complaint to add redundant and irrelevant material.

Kelly's arguments are not persuasive. Moede did not commit fraud when he could not locate an email he had referenced in court. It is not uncommon for a lawyer to be unable to find a document when I make the request without prior warning. I also assure Kelly that my purpose in court was to schedule the deposition at a time when she could attend and to explain to her the ramifications of not appearing. I did not base my decision on whether or not she had received notice of the deposition. As we move forward to try to resolve this action, I now know that Kelly has appropriate notice of her deposition because I delivered the notice myself and in person.

Moede did not violate any ethical or professional rule if he asked Kelly's estranged former spouse for a police report. Moreover, defendants are entitled to a copy of the expunged criminal file to use in the defense of this action. If Kelly did not want me to order the file to be unsealed for use in this action, she could have dismissed her Complaint at that point. I also note that I ordered the file unsealed, not Moede. It was also my decision not to allow any amendments to the Complaint because the proposed amendments were unnecessary and did not attempt to add any claims which could be made part of this action. Many of the events Kelly complains about time and again, such as the shooting of Aaron Campbell or James Chasse, are unfortunate incidents which are not relevant to her action under the rules of this judicial system.

Finally, I agree that defense counsel enjoys an advantage by the fact that he is an experienced lawyer and Kelly is not. I try to keep the playing field level and give the benefit of the doubt to people who appear before me without representation. I have given Kelly time to attempt to retain counsel. At the end of the day, however, pro se litigants must follow the rules of the court. Further, I have denied many of Kelly's motions without allowing oral argument because there is no basis in the law for many of her requests. Under the Local Rules of this court, no litigant has an absolute entitlement to oral argument. See LR 7(d)(1) ("The Court will decide each motion without oral argument unless the Court determines that oral argument would help it resolve the matter.")

I note that in this motion, Kelly also asks me to "transfer of this matter into the **Oregon State Court**, where the case can be heard in the same forum which my criminal trial found me FULLY acquitted of all charges." Mem., Sanctions against J. Scott Moede at 4. No mechanism exists for me to transfer this case to state court. If Kelly wishes to dismiss this case, she should file a written response to defendants' pending Motion to Dismiss and clearly state that she wants to dismiss the case. She can then proceed to an appeal, as she indicated in court, or try to refile the case in state court.

IT IS SO ORDERED.

Dated this      21st      day of June, 2010.

                                                              /s/ Garr M. King
                                                              Garr M. King
                                                              United States District Judge